UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

**Hon. Hugh B. Scott**

12CR257S

v.                                                                **Decision**
**&**
**Order**

Adam Rissew,
                        Defendant.

        Before the Court is the defendant's omnibus motion seeking various forms of pretrial

relief (Docket No. 11).[1]

### Background

        On August 17, 2012, the Grand Jury for the Western District of New York issued an

indictment charging defendant Adam Rissew ("Rissew") with unlawfully manufacturing 50 or

more marijuana plants in violation of 21 U.S.C. §841(a)(1) and 841(b)(1)(C)[Count 1];

maintaining a premises for the purpose of manufacturing, distributing of marijuana in violation

of 21 U.S.C. §856(a)(1) [Count 2]; possession of a firearm in the furtherance of drug trafficking

in violation of 18 U.S.C. ss924(c)(1) [Count 3]; and possession of a firearm and ammunition by a

user or person addicted to controlled substances in violation of 18 U.S.C. §§ 922(g)(3) and

---

        [1]  The dispositive issues raised in the motion are the subject of a separate Report &
Recommendation.

924(a)(2) [Count 4].  (Docket No. 3). The indictment also contains forfeiture allegations.


## Discovery

The defendant seeks various items of pretrial discovery.  The government has provided discovery to the defendant. The parties have not advised the Court of any outstanding discovery issues.


## Brady Material

The defendant has requested that the government disclose all materials potentially favorable to the defendant, including information to be used for the impeachment of the government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963) and its progeny.  Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment.  Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching ... [and] [a]ny and all records and information revealing prior misconduct ... attributed to the [government's] witness." U.S. v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

The defendant's motion identifies numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which they seek to obtain. The government represents that it is not in possession of any Brady material. (Docket No. 13 at page 12). It is unclear as to whether the government's response included considerations regarding "impeachment" Brady material as well as exculpatory Brady material.

Neither the Supreme Court, nor the Second Circuit[2], have ruled directly on whether a there is a meaningful distinction between "exculpatory <u>Brady</u>" and "impeachment <u>Brady</u>" materials for purposes relating to the timing such information must be disclosed. Several other courts have discussed the issue at hand, which often arises in the context of a potential, if not inherent, conflict between the government's obligations to disclose under <u>Brady</u> and the governments right to delay disclosure of certain information pursuant to the Jencks Act. Those cases suggest that the court has some discretion with respect to directing the timing of such disclosure. <u>U.S. v. Campagnuolo</u>, 592 F.2d 852 (5th Cir. 1979)(the Court interpreted <u>Brady</u> to require disclosure "at the appropriate" time, which often is prior to trial); <u>U.S. v. Perez</u>, 870 F.2d 1222 (7th Cir. 1989)(the government's delay in disclosing <u>Brady</u> material violates due process only if the delay prevented the defendant from receiving a fair trial); <u>U.S. v. Ziperstein</u>, 601 F.2d 281 (7th Cir. 1979)(a defendant receives a fair trial, notwithstanding delayed disclosure of <u>Brady</u> material, as long as disclosure is made before it is too late for the defendant to make use of any benefits of the evidence). But see <u>U.S. V. Wilson</u>, 565 F.Supp 1416 (S.D.N.Y. 1983)(impeachment material need not be produced prior to trial); <u>U.S. Biaggi</u>, 675 F.Supp 790 (S.D.N.Y. 1987)(information bearing on a witness' credibility may be turned over at the same time as [Jencks Act] materials); <u>U.S. V. Feldman</u>, 731 F.Supp 1189 (S.D.N.Y. 1990)(it is sufficient for the government to disclose <u>Brady</u> impeachment materials along with [Jencks Act] materials).

The Jencks Act relates only to "statements" made by government witnesses. Such

---

[2]    In a footnote in its opinion in <u>Lucas v. Regan</u>, 503 F.2d 1, 3 n.1 (1974), the Second Circuit stated that "[n]either Brady nor any other case we know of requires that disclosures under Brady be made before trial."

statements may include inconsistencies which make them useful for impeachment purposes, and thus, subject them to disclosure under Brady principles.  To this extent, it has been suggested that the constitutional requirements underlying Brady could act to modify the Jencks Act. U.S. v. Campagnuolo, 592 F.2d 852, 860 (5th Cir. 1979). But see U.S. v. Presser, 844 F.2d 1275 (6th Cir. 1988)(the government may not be compelled to pretrial disclosure of Brady or Jencks material).  The record in this case does not reflect whether any of the materials withheld by the government may be considered both Brady and Jencks material.  Certainly "impeachment Brady" material may include several items which are not considered "statements" under the Jencks Act.

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the court have some discretion with respect to the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, ... sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial ... so that those abhorrent lengthy pauses at trial to examine documents can be avoided." U.S. v. Percevault, 490 F.2d 126 (2d Cir. 1974);  U.S. V. Green, 144 F.R.D. 631 (W.D.N.Y. 1992).

The instant case does not appear to be unusually complex. Balancing all of the above, the Court concludes that disclosure of such exculpatory and impeachment material, if any exists,  in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) is sufficient in this case.

## Rule 404, 608 and 609 Evidence

The defendant also seeks information under Rules 404, 608 and 609 of the Federal Rules of Evidence. Federal Rule of Evidence 404(b) governs requests for disclosure of all evidence of prior bad acts that the government intends to use in its case-in-chief. Rule 404 requires that the defendants be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." To the extent that the government intends to use any such evidence of a prior bad act in its case in chief, the government shall produce all Rule 404(b) evidence as directed by the District Court in the trial order.

With respect to the defendants' requests under Rules 608 and 609, the only notice requirement imposed by either Rule applies where a party intends to introduce evidence of a conviction that is more than ten years old. Under such circumstances, Rule 609(b) mandates that "the proponent [give] to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence." To the extent the government intends to use a conviction more than 10 years old, it must comply with this requirement. The government has no obligation to provide the defendant with notice of any material that will be used to impeach him pursuant to Rule 608 should he elect to testify. See United States v. Livoti, 8 F.Supp.2d 246 (S.D.N.Y. 1998); United States v. Song, 1995 WL 736872, at *7 (S.D.N.Y. Dec.13, 1995).

## Identity of Informants

The defendant seeks the pre-trial disclosure of the identity of any informants in this case.

The government is not required to furnish the identities of informants unless it is essential to the defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.) cert. denied 489 U.S. 1089 (1988). Nor does Rule 16 require the government to disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d 137, 139 (2d. Cir.) cert. denied 498 U.S. 921 (1990). Moreover, the government has stated that it believes that disclosure of the informant's identification would subject the informant to personal danger from retribution by the defendant and others.

The defendant has not established that the pre-trial disclosure of the identities of any informants is essential to his defense. This request is denied.

## Preservation of Evidence

The defendant has also requested preservation of rough notes and other evidence taken by law enforcement agents involved. The government is directed to preserve all rough notes and items of evidence.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
July 24, 2013